## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: BOSTON SCIENTIFIC CORP., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL NO. 2326 |

THIS DOCUMENT RELATES TO WAVE 1 AND 2

### PRETRIAL ORDER # 108
(First Amended Docket Control Order on Wave 1 and Wave 2 Discovery)

It is **ORDERED** that PTO # 100 related to Wave 1 and 2 Discovery is amended with respect to sections/paragraphs F, 23, 24, 25, 26, 27, 28 and 31. The remaining provisions of the PTO remain unchanged and in force and effect.

**A. SELECTION OF CASES**

1. On **January 21, 2014**, each side unilaterally selected 50 cases (the "Wave 1 Cases"), and filed a list identifying each plaintiff and her counsel of record.

2. On or before **May 21, 2014**, each side will unilaterally select an additional 50 cases (the "Wave 2 Cases"). Each side must file a list identifying each plaintiff, the case number and her counsel of record.

3. To be eligible for selection, (a) a case must be on file by the date of this Order, and (b) the plaintiff must have served on BSC a substantially completed Plaintiff Profile Form ("PPF") by the date of this Order. Cases that do not meet all of these criteria cannot be selected absent express agreement between the parties.

4. If a party selects a case that does not satisfy these criteria (*see* ¶ 3), the non-selecting party has the option to notify its adversary in writing and request that the noncompliant case be replaced. In that event, the selecting party must replace the non-compliant case with a compliant case within **7 business days**. If the parties disagree on whether a case complies, the

non-selecting party shall request a telephonic conference with the Court, and the Court shall consider whether to strike the non-compliant case without permitting the selecting party to identify a replacement.

### B.    PLAINTIFF FACT SHEETS AND AUTHORIZATIONS

5.    On or before **February 17, 2014**, Plaintiffs were to provide Plaintiff Fact Sheets ("PFS") and executed authorizations for all Wave 1 Cases.  Authorizations shall be provided in accordance with the requirements of PTO # 35.

6.    On or before **June 19, 2014**, Plaintiffs shall provide PFSs and executed authorizations for all Wave 2 Cases.  Authorizations shall be provided in accordance with the requirements of PTO # 35.

7.    To increase efficiency, Plaintiffs shall timely provide BSC with copies of all medical records that are in their attorneys' possession as of the date of this Order.  Such records must be received by counsel for BSC no more than **10 business days** after the deadline for service of the Plaintiff Fact Sheet.

8.    If a Plaintiff fails to provide a substantially completed PFS or executed authorizations by the deadline applicable to that action, BSC has the option to request appropriate remedy from the Court.

### C.    DEFENDANT FACT SHEETS

9.    On or before **March 21, 2014**, BSC was to provide a Defendant Fact Sheet ("DFS") for all Wave 1 Cases.  On or before **July 14, 2014**, BSC shall provide a DFS for all Wave 2 Cases.  If the deposition of an implanting physician is scheduled before the deadline to provide a DFS, BSC shall provide a DFS in each such case at least 14 days prior to the implanting physician's deposition.

10. If BSC fails to provide a substantially completed DFS by the deadline applicable to that action, Plaintiff has the option to request appropriate remedy from the Court.

**D.     FACT DISCOVERY**

11. In each case, the "Lead Party" will be the party who selected that case. The Lead Party has the option of coordinating the depositions of treating physicians and the option of questioning the treating physicians first.

12. Absent good cause shown, the discovery outlined in PTO # 65 shall be completed by no later than **August 4, 2014** for Wave 1 cases and **October 3, 2014** for Wave 2 cases. The depositions of explanting physicians (if applicable) shall be completed in both Wave 1 and 2 cases no later than **October 3, 2014**.

13. To the extent additional fact discovery outside of what is contemplated in PTO # 65 is needed in a particular case, the parties shall meet and confer, and such discovery shall be completed by no later than **January 5, 2015.**[2]

**E.     EXPERT DISCOVERY**

14. In each case, the parties shall serve (i) expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(A) and Fed. R. Civ. P. 26(a)(2)(C), and (ii) expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).

15. If either Plaintiffs or BSC designate the same expert on the same report as designated pursuant to Pretrial Order # 57 (First Amended Docket Control Order: First and Second Bellwether Trials), no additional depositions of such experts shall be taken except by agreement of the parties and/or leave of Court.

---

[2] Depositions of a plaintiff's friends and family members may be taken at any time prior to trial provided the deposition is requested before the deadline for completing fact discovery.

16. Absent good cause shown, Plaintiffs shall serve expert disclosures and reports in each case on or before **October 29, 2014**. If a treating physician has not been deposed by this deadline, Plaintiffs shall disclose that treating physician as a non-retained expert witness no more than **10 days** after the date of the physician's deposition if Plaintiffs intend to use that treating physician as a non-retained expert.

17. At the time Plaintiffs serve their expert disclosures and reports, they shall provide—for each expert witness—at least two dates during the period between **November 13, 2014 and December 17, 2014** on which that expert witness can be deposed. In accordance with Paragraph 16, *supra*, this requirement shall not apply to the depositions of treating physician non-retained expert witnesses.

18. Absent good cause shown, BSC shall serve expert disclosures and reports in each case on or before **November 10, 2014**. If a treating physician has not been deposed by this deadline, BSC shall disclose that treating physician as a non-retained expert witness no more than **10 days** after the date of the physician's deposition if BSC intends to use that treating physician as a non-retained expert.

19. At the time BSC serves its expert disclosures and reports, it shall provide—for each expert witness—at least two dates during the period between **December 7, 2014 and January 12, 2015** on which that expert witness can be deposed. In accordance with Paragraph 17, *supra*, this requirement shall not apply to the depositions of treating physician non-retained expert witnesses.

20. The parties shall serve disclosures and reports for rebuttal expert witnesses, if any, by no later than **December 22, 2014**.

21. Absent good cause shown, expert discovery shall be completed by no later than **January 12, 2015**.

**F.     MOTION PRACTICE.**

22. If discovery (e.g., the deposition of plaintiff and her implanting physician) reveals facts that could support a motion that would be dispositive of the *entirety* of a plaintiff's claims (e.g., the statute of limitations), either party may seek the Court's leave to file an early dispositive motion on that issue.  If such leave is granted, the Court shall set a briefing schedule at that time.

23. In the absence of leave to file an early dispositive motion, non *Daubert* based dispositive (and partially dispositive) motions shall be filed by no later than **January 9, 2015**. Opposition briefs, if any, shall be filed by no later than **January 23, 2015**. Reply briefs, if any, shall be filed by no later than **January 30, 2015**.

24. *Daubert* Motions shall be filed by **January 9, 2015.**   Opposition briefs, if any, shall be filed by no later than **January 23, 2015.**  Reply briefs, if any, shall be filed by no later than **January 30, 2015.**

25. Dates for dispositive, non *Daubert* based dispositive (and partially dispositive) motions and *Daubert* motions, if any, will be set at a future status conference.

26. The page limitations provided in Local Rule of Civil Procedure 7.1(a)(2) apply to memoranda in support of all dispositive and *Daubert* motions, oppositions, and replies, and the Court will not be inclined to grant motions to exceed the page limit.  The parties shall provide courtesy copies to the Court in accordance with Local Civil Rule 7.1(a)(5), and requests that such courtesy copies include the header added upon filing.

27. Motions in limine and *Daubert* based dispositive motions shall be filed no later

than fourteen days (14) after the court rules on non *Daubert* based dispositive motions and *Daubert* motions. Response briefs shall be filed within seven (7) days. Motions in limine are limited to 3 pages each, responses are limited to 2 pages each.

28. In the past, the Court has permitted parties to file placeholder exhibits in support of *Daubert*, dispositive and other motions, responses and replies in the place of confidential documents that may be sealed and then, within five days, redact/dedesignate the documents or file a motion to seal. *Moving forward, the court will no longer permit this practice. Parties may no longer file placeholder exhibits.* The court expects leadership counsel for plaintiffs and Boston Scientific to resolve issues related to confidential designations well before the filing of the above motions. Filings containing placeholder exhibits will be struck. In the event there are issues related to sealing of confidential documents that the parties are unable to resolve, they must be brought to the court's attention in a consolidated manner as follows: A consolidated motion to seal is due on or before **November 24, 2014**, any response is due **December 2, 2014**, and any reply is due **December 5, 2014**.

### G. CASES READY FOR TRANSFER, REMAND OR TRIAL

29. By no later than **July 18, 2014**, the parties shall meet and confer concerning the appropriate venue for each of the cases, and the parties shall submit venue recommendations to the Court, either jointly or separately, by **July 25, 2014**. The parties' recommendation(s) shall identify the cases about which the recommended venue is and is not in dispute. The Court may then request briefing concerning the venue for those cases about which the parties disagree. Each party reserves the right to object to the venue selected by its adversary or the Court.

30. At the conclusion of pre-trial proceedings, the Court, pursuant to PTO # 14 and 28 U.S.C. § 1404(a), will transfer each directly-filed case to a federal district court of proper

venue as defined in 28 U.S.C. § 1391. In the alternative, pursuant to PTO # 14 and 28 U.S.C. § 1407, cases that were transferred to this Court by the JPML shall be remanded for further proceedings to the federal district court from which each such case was initially transferred.[5]

      31.      If a case is to be tried in the United States District Court for the Southern District of West Virginia (either by agreement of the parties or where venue in the Southern District is determined to be proper by the Court), the case shall be deemed trial-ready when discovery is completed and the Court rules on the parties' pretrial motions. The trial date for cases transferred or remanded to other federal district courts shall be set by the judge to whom the transferred or remanded case is assigned (including the undersigned through intercircuit assignment).

      The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2326 and **in the cases that have been designated by the parties as Wave 1 and Wave 2 cases** and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:14-cv-24138. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously

---

[5]As expressly contemplated by PTO # 14, BSC does not waive its right to seek transfer—pursuant to 28 U.S.C. § 1406(a) or any other available ground—of any case to a court of proper venue, regardless of whether that case was transferred to or directly-filed in the Southern District of West Virginia.

entered by the court. The orders may be accessed through the CM/ECF system or the Court's website at www.wvsd.uscourts.gov.

                                          ENTER: July 31, 2014

                                          JOSEPH R. GOODWIN
                                          UNITED STATES DISTRICT JUDGE